# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| CONSTRUCTION INDUSTRY LABORERS PENSION FUND, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 14-4093-CV-C-NKL ) |
| DEAN HATHMAN MASONRY CO., LLC d/b/a DEAN HATHMAN MASONRY CO. | ) ) ) ) |
| Defendant. | ) |

## ORDER

Plaintiffs Construction Industry Laborers Pension Fund and Construction Industry Laborers Welfare Fund's motion for default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure [Doc. 4] is granted, as follows:

1. On April 4, 2014, the Plaintiffs filed their Complaint [Doc. 1] against Defendant Dean Hathman Masonry Co., LLC d/b/a Dean Hathman Masonry Co.

2. The Defendant was personally served through its Registered Agent, Dean Hathman, by Special Process Server with a copy of the Summons and Complaint on May 1, 2014, at 7500 E. Richland Road, Columbia, MO 65201. [Doc. 3.]

3. This action arises and subject matter jurisdiction is properly based on Section 301 of the Labor Management Relations Act as amended, 29 U.S.C. §185, and Section 502 of the Employee Retirement Income Security Act, 29 U.S.C. §1132.

4. The Defendant has failed to answer or otherwise defend as to the Plaintiffs' Complaint, and to serve a copy of any answer or other defense upon the Plaintiffs' attorneys of record or upon the Plaintiffs.

5. On June 6, 2014, the Plaintiffs filed the following pleadings and caused them to be mailed by certified mail to: Dean Hathman, Registered Agent, 7500 E. Richland Road, Columbia, MO 65201:

    a. Plaintiffs' Motion for Default Judgment by the Court (Pursuant to

Rule 55(b)(2) Federal Rules of Civil Procedure) [Doc. 4];

b. Suggestions in Support of Plaintiffs' Motion for Default Judgment by the Court [Doc. 5]; and

c. Plaintiffs' Affidavit of Failure to Plead or Otherwise Defend in Support of Application for Entry for Default as Required by Rule 55(a) Federal Rules of Civil Procedure [Doc. 5-1].

5. The Court entered a show-cause order on July 30 2014 [Doc. 10], directing the Defendant to show cause why default judgment should not be entered against it and caused the Order to be mailed by regular and certified mail to the Defendant's Registered Agent, Dean Hathman, at the same address upon which the Summons and Complaint were personally served upon him, 7500 E. Richland Road, Columbia, MO 65201. The certified mailing was not claimed, and was returned as undeliverable; the regular mailing was not returned. To date, the Defendant has neither responded to the show-cause order nor otherwise appeared and defended since the institution of this action.

It is therefore, ORDERED, ADJUDGED and DECREED that judgment by default is hereby entered against the Defendant, Dean Hathman Masonry Company, LLC d/b/a Dean Hathman Masonry Co., and in favor of the Plaintiffs, Construction Industry Laborers Pension Fund and Construction Industry Laborers Welfare Fund and their respective Trustees for failure to answer or to plead, pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, as follows:

### Count I

1. That the plaintiff, Construction Industry Laborers Pension Fund, have and recover of and from the defendant for the period **January 1, 2011 through August 31, 2013**, in the amount of **THREE THOUSAND, SEVEN HUNDRED THIRTY AND 50/100 ($3,730.50) DOLLARS** in unpaid fringe benefit contributions, **ONE THOUSAND, NINE HUNDRED NINETY-SIX AND 06/100 ($1,996.06) DOLLARS** as and for liquidated damages and **NINETY-FIVE AND 33/100 ($95.33) DOLLARS** representing interest on the unpaid contributions; **ONE THOUSAND, FIVE HUNDRED NINETEEN AND 77/100 ($1,519.77)**

**DOLLARS** representing reasonable attorneys' fees; **ONE THOUSAND, SEVEN HUNDRED FIFTY-SEVEN AND 50/100 ($1,757.50) DOLLARS** representing audit costs, for a total of **NINE THOUSAND, NINETY-NINE AND 16/100 ($9,099.16) DOLLARS**; and their costs herein incurred and expended and that execution issue therefore.

2. The Defendant is hereby ordered to permit an accounting of the Defendant's business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement for the period **September 1, 2013,** to date.

3. That Plaintiff Construction Industry Laborers Pension Fund have and recover of and from the defendant a sum of money as unpaid fringe benefit contributions equal to the number of hours found by said accounting to have been paid to employees covered by said agreements from **September 1, 2013,** to date times the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and judgment for same be reserved until a full and complete accounting of defendant's books and records has been completed and the specific total amounts due and owing by defendant to the Plaintiff for said period can be ascertained.

4. That the Defendant specifically perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefits contributions to the Construction Industry Laborers Pension Fund on behalf of employees working under the collective bargaining agreements.

5. That the Defendant put up cash deposits in advance of work and/or enter into an escrow arrangement with the Plaintiffs or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

6. That the Defendant maintain records with respect to each employee sufficient

to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. §1059.

**Count II**

1. That Paintiff, Construction Industry Laborers Welfare Fund, have and recover of and from the defendant for the period **January 1, 2011 through August 31, 2013** in the amount of **FIVE THOUSAND, THREE HUNDRED FIVE AND 60/100 ($5,305.60) DOLLARS** in unpaid fringe benefit contributions, **TWO THOUSAND, SEVEN HUNDRED NINETY-SEVEN AND 91/100 ($2,797.91) DOLLARS** as and for liquidated damages and **ONE HUNDRED THIRTY-SIX AND 62/100 ($136.62) DOLLARS** representing interest on the unpaid contributions; **ONE THOUSAND, FIVE HUNDRED NINETEEN AND 77/100 ($1,519.77) DOLLARS** representing reasonable attorneys' fees; **ONE THOUSAND, SEVEN HUNDRED FIFTY-SEVEN AND 50/100 ($1,757.50) DOLLARS** representing audit costs, for a total of **ELEVEN THOUSAND, FIVE HUNDRED SEVENTEEN AND 40/100 ($11,517.40) DOLLARS**; and their costs herein incurred and expended and that execution issue therefore.

2. The Defendant is hereby ordered to permit an accounting of the Defendant's business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement for the period **September 1, 2013,** to date.

3. That Plaintiff Construction Industry Laborers Welfare Fund have and recover of and from the defendant a sum of money as unpaid fringe benefit contributions equal to the number of hours found by said accounting to have been paid to employees covered by said agreements from **September 1, 2013,** to date times the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs,

interest, court costs and judgment for same be reserved until a full and complete accounting of defendant's books and records has been completed and the specific total amounts due and owing by defendant to the Plaintiff for said period can be ascertained.

4. That the Defendant specifically perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefits contributions to the Construction Industry Laborers Welfare Fund on behalf of employees working under the collective bargaining agreements.

5. That the Defendant put up cash deposits in advance of work and/or enter into an escrow arrangement with plaintiff or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

6. That the Defendant maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. §1059.

### Count III

1. That Plaintiffs Construction Industry Laborers Pension Fund and Construction Industry Laborers Welfare Fund have and recover of and from Defendant Dean Hathman Masonry Company, LLC d/b/a Dean Hathman Masonry Co., liquidated damages and interest for the months of **OCTOBER, NOVEMBER, DECEMBER 2012 AND JANUARY THROUGH JUNE 2013,** totaling **TWO THOUSAND, NINE HUNDRED FIFTY-THREE AND 98/100 ($2,953.98) DOLLARS;** and their costs herein incurred and expended and that execution issue therefore.

SO ORDERED.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: September 8, 2014
Jefferson City, Missouri